THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00067-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) JAMES KEVIN JONES, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Relief under Title 18 U.S.C. 3582(c)(1)(A)" [Doc. 31]; the Government's Response in Opposition to Defendant's Motion for Compassionate Release [Doc. 33]; and the Defendant's Reply [Doc. 35].

**I.    BACKGROUND**

The Defendant James Kevin Jones pled guilty to one count of possession with intent to distribute at least five grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). In March 2020, he was sentenced to a total of 188 months' imprisonment. [Doc. 27]. The

Defendant is currently housed at FCI Beckley, with a projected release date of January 16, 2032.[1]

The Defendant now seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 52]. For grounds, the Defendant cites a number of health conditions which he contends increase his susceptibility to serious illness or death from COVID-19. [Id.]. The Defendant further seeks a reduction in his sentence on the grounds that his father is in poor health and needs the Defendant's care. [Id.].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Oct. 13, 2021]. The Government filed its Response on November 10, 2021. [Doc. 33]. After receiving an extension of time to do so [Text-Only Order entered December 2, 2021], the Defendant filed a Reply. [Doc. 35]. This matter is now ripe for disposition.

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling

---

[1] See https://www.bop.gov/inmateloc/ (last visited Jan. 12, 2022).

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies.  [Doc. 33 at 2].  Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons

3

exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that he has a number of serious health conditions—including high blood pressure, COPD, lung disease, asthma,

4

Case 1:19-cr-00067-MR-WCM    Document 36    Filed 01/26/22    Page 4 of 8

diabetes, high cholesterol, and a history of smoking—that place him at a significant risk of serious illness or death from COVID-19. While the Defendant's conditions are undoubtedly serious, the Defendant does not assert in his motion that these conditions are uncontrolled or that they substantially diminish his ability to provide self-care while incarcerated. With respect to the risks posed by the coronavirus, the BOP medical records indicate that the Defendant has been fully vaccinated against the coronavirus. [See Doc. 33-1]. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines reduce the risk of serious illness or death among people who are fully vaccinated.[2] While the Defendant still faces some risk of infection (as do all of those who have been vaccinated against the virus), the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 12, 2022).

5

Case 1:19-cr-00067-MR-WCM   Document 36   Filed 01/26/22   Page 5 of 8

statutory role, and its extensive and professional efforts to curtail the virus's spread."); see also United States v. Lemons, 15 F. 4th 747, 751 (6th Cir. Oct. 8, 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction….[T]o the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19."). Because the Defendant is vaccinated and thus generally protected from the most serious harms related to COVID-19, the Defendant's chronic health conditions do not constitute an extraordinary and compelling to justify his early release.

The Defendant further asserts that his father "is in bad shape" and need the Defendant's care. [Doc. 31 at 2]. In his Reply, the Defendant asserts that his father has had a massive stroke and can no longer care for himself. [Doc. 35 at 5]. The Defendant fails to assert, however, that he is the only caregiver available for his father. In fact, his Reply indicates that other family members are currently serving as caretakers. [See id. (stating that his father's "lifestyle is very limited due to no assistance when the family caretaker is not present")]. Accordingly, the Court concludes that the

6

Case 1:19-cr-00067-MR-WCM    Document 36    Filed 01/26/22    Page 6 of 8

Defendant has failed to demonstrate that his father's current health condition constitutes an "extraordinary and compelling" reason for his early release.

Having considered all the facts and grounds put forward by the Defendant, the Court finds and concludes that, taken either singly or in combination, these facts and grounds fail to constitute extraordinary and compelling reasons for granting the Defendant compassionate release.

Even if the Defendant had demonstrated "extraordinary and compelling reasons" for his release, the Court must still consider the § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to reduce a defendant's sentence in the exercise of its discretion. See United States v. Jenkins, -- F. 4th --, 2021 WL 6130105, at *5 (4th Cir. Dec. 29, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Here, evaluation of the § 3553(a) factors weigh in favor of the Defendant's continued incarceration. The Defendant's crime of conviction was extremely serious. He was held responsible for the possession with intent to distribute 11.53 grams of actual methamphetamine, and 45.5 grams of a mixture or substance containing a detectable amount of methamphetamine. [Doc. 23: PSR at ¶ 11(a)]. At the time of his arrest, the Defendant was also found in the possession of a loaded pistol, despite being a convicted felon. [Id. at ¶ 18]. During the

7

Case 1:19-cr-00067-MR-WCM   Document 36   Filed 01/26/22   Page 7 of 8

execution of a search of the Defendant's residence, law enforcement also discovered the Defendant to be in possession of 1.8 grams of Fentanyl and 7 "hits" of Lysergic Acid Diethylamide (LSD). [Id. at ¶ 20]. In addition to the methamphetamine distributed by the Defendant and the other controlled substances in his possession, the Defendant was found in possession of a quantity of methamphetamine while in custody in the Buncombe County Detention Center. [Id. at ¶¶ 23-24]. The Defendant also has a significant criminal history. He was found to be a career offender, due to a number of convictions for a variety of controlled substance offenses. [Id. at ¶ 39]. The Defendant's history and characteristics lead the Court to conclude that the Defendant's continued incarceration is necessary to protect the public.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Relief under Title 18 U.S.C. 3582(c)(1)(A)" [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 26, 2022

Martin Reidinger
Chief United States District Judge