# IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:19-cr-00067-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| JAMES KEVIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Defendant's original and Amended Pro Se Motions to Vacate Sentence under 28 U.S.C. § 2255. [Docs. 40, 42].

## I. BACKGROUND

On July 17, 2019, Defendant James Kevin Jones ("Defendant") was charged in a Bill of Indictment with three counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Counts One, Two, and Six); two counts of possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts Three and Seven); one count of possession of a firearm in further of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four); and one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count

Five).  [Doc. 1: Bill of Indictment].  Defendant agreed to plead guilty to Count Three and the Government agreed to dismiss the remaining Counts.  [Doc. 14: Plea Agreement].  Among other things, the parties also agreed that the career offender guideline, U.S.S.G. §4B1.1, may be used in determining Defendant's sentence if warranted by Defendant's criminal history.  [Id. at ¶ 8(f)].

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR).  [Doc. 23: PSR].  In the PSR, the probation officer set out Defendant's extensive criminal history, including several North Carolina controlled substance offenses that were consolidated for judgment and for which Defendant was sentenced to 14 to 17 months' incarceration, as well as convictions for Sell or Deliver Counterfeit Controlled Substance and Possession With Intent to Sell/Distribute Counterfeit Controlled Substance ("PWISDCCS"), which were also consolidated for judgment and for which Defendant received a suspended sentence of 4 to 14 months' imprisonment and 18 months' supervised probation.  [Id. at ¶¶ 64-65, 68].  On December 17, 2015, Defendant's suspended sentence was activated when his probation was revoked for various probation violations, and he was sentenced to a term of 4 to 14 months' imprisonment.  [Id. at ¶ 68].

Based on Defendant's criminal history, the probation officer recommended that Defendant was a career offender, U.S.S.G. §4B1.1(a)(2), with an offense level of 34, U.S.S.G. §4B1.1(b)(2). [Id. at ¶ 39]. After a reduction of three levels for acceptance of responsibility, the probation officer recommended a total offense level of 31. [Id. at ¶ 42]. Based on Defendant's total offense level of 31 and criminal history category of six, the probation officer recommended a guidelines range of 188 to 235.[1] [Id. at ¶¶ 42, 75, 136]. The Court adopted the PSR as written and sentenced Defendant to a term of imprisonment of 188 months. [Doc. 27 at 2: Judgment; Doc. 28: Statement of Reasons]. Judgment on Defendant's conviction was entered on March 25, 2020. [Id. at 1]. Defendant did not file a direct appeal.

On or about March 10, 2026, Defendant filed a pro se motion to vacate under § 2255, which was not signed under penalty of perjury or on the proper form. [Doc. 40; see Doc. 40-2]. On this Court's Order to correct these deficiencies, Defendant filed the pending pro se Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docs. 41, 42]. As grounds for relief, Defendant argues that one of the charges used for the career offender enhancement was not

---

[1] Without the career offender enhancement, Defendant's total offense level would have been 27, yielding a guidelines range of 130 to 162.

a Schedule II Controlled Substance "of any kind." [Doc. 42 at 4]. Defendant further contends that his conviction for PWISDCCS does not qualify as a career offender predicate under <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc),[2] and U.S.S.G. §4B1.2(b). [Doc. 42-1 at 1-3]. Defendant argues that if his attorney had objected to the career offender designation under <u>Simmons</u> the Court would have rejected the enhancement. [<u>Id.</u> at 3].

Defendant contends that his motion is not barred by AEDPA's one-year limitations period because "new information was brought just recently to [his] attention." [<u>Id.</u> at 11]. For relief, Defendant asks that his sentence be vacated and that he be resentenced without the career offender designation. [Doc. 42-1 at 8].

## II.   STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

---

[2] In <u>Simmons</u>, the Fourth Circuit held that, for a prior felony conviction to serve as a predicate offense for sentencing enhancement under the Controlled Substances Act, the individual defendant must have been convicted of an offense for which *that defendant* could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243.

4

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

5

removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant's conviction here became final for purposes of Section 2255(f)(1) on April 8, 2020, when his deadline to appeal expired. See Fed. R. App. P. 4(b)(1)(A); United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Defendant, however, did not file the instant motion to vacate until March 10, 2026, nearly six years after his conviction became final. As such, Defendant's motion is untimely unless he is entitled to equitable tolling. See 28 U.S.C. § 2255(f)(1).

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S.

6

Ct. 1605 (2004)).  A petitioner must show he has been "pursuing his rights diligently."  Holland v. Florida, 560 U.S. 631, 649 (2010).  Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Here, Defendant contends that the one-year limitations period does not bar his motion because he only recently learned of "new information."  [Doc. 42 at 12].  Defendant has plainly failed to show that he is entitled to equitable tolling.  Defendant does not show that he was prevented from filing on time due to extraordinary circumstances, that he was pursuing his rights diligently, or that enforcing the limitations period against him would cause gross injustice.  Because Defendant addressed the timeliness issue in his motion to vacate, the Court need not provide Defendant any additional opportunities to address this issue.  See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007).  As such, Defendant's claim is untimely under § 2255(f).  The Court will, therefore, dismiss Defendant's motion to vacate on initial review.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Amended Section 2255 motion is untimely and is denied and dismissed with prejudice. The Court will dismiss Defendant's original Section 2255 motion as moot.

The Court further finds that Defendant has not made a substantial showing of a denial of a constitutional right. <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (<u>citing</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000)). Defendant has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that Defendant's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 42] is **DENIED** and **DISMISSED WITH PREJUDICE**.

8

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 40] is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: April 25, 2026

Martin Reidinger
Chief United States District Judge